This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39409**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAIAS LOBATO-RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Jarod K. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Isaias Lobato-Rodriguez contends that the State violated his right against self-incrimination when the prosecutor commented on Defendant's postarrest silence during opening statements. We conclude that the comment was not harmless error. Accordingly, we reverse and remand for a new trial.

## DISCUSSION

**{2}**     During his opening statement, the prosecutor told the jury:

> After the crime scene was more or less processed, Agent Mascorro then went to the Deming State Police office, which was where Mr. Lobato-Rodriguez had been taken from that scene. He got brought back here to Deming, he certainly wasn't free to leave. He was the suspect, I mean, that's it. And so Agent Mascorro did engage in conversation with Mr. Lobato-Rodriguez. Mr. Lobato-Rodriguez asserted his rights to remain silent.

Defendant immediately objected and moved for a mistrial. The district court allowed the prosecutor to finish his opening statement before hearing further argument and ultimately denied Defendant's motion.

**{3}**     "New Mexico courts have long held that a prosecutor is prohibited from commenting on a defendant's right to remain silent, which is protected under *Miranda v. Arizona*, 384 U.S. 436 (1966)." *State v. McDowell*, 2018-NMSC-008, ¶ 4, 411 P.3d 337. We review a prosecutor's comment on a defendant's right to remain silent under a constitutional harmless error standard. *State v. Gutierrez*, 2007-NMSC-033, ¶ 18, 142 N.M. 1, 162 P.3d 156. Under this standard, the state has the burden to prove that the error was harmless beyond a reasonable doubt. *Id.* Under a proper harmless error analysis, we do not defer to the jury verdict unless the state has met its burden to show that the verdict was not tainted by the constitutional error, even in the face of overwhelming evidence. *Id.*; *see State v. Tollardo*, 2012-NMSC-008, ¶ 56, 275 P.3d 110 (stating that "the fact that other evidence apart from the error supports conviction, even if that evidence is overwhelming, cannot be the determinant of whether the error is harmless").

**{4}**     "In assessing the impact of the prosecutor's statement, we examine the context in which it was made." *Gutierrez*, 2007-NMSC-033, ¶ 20. Our Supreme Court has recognized that "[t]he opening statement holds a uniquely important place in the trial because it is the lens through which the jury views and evaluates the entire trial." *Id.* Given the lasting effect that an opening statement can have on a jury, "the prosecutor must take special care to refrain from improper comments, including comments on a defendant's silence." *Id.*

**{5}**     In this case, while the trial record generally supports Defendant's conviction, our harmless error standard "is not simply a matter of weighing the evidence." *Id.* ¶ 21; *see also id.* ¶ 24 ("It is the timing and effect of such comments, not merely the weight of the evidence, that figures into our harmless error calculus."). The fact that the comment occurred at the very beginning of trial, during the State's "opportunity to make an indelible first impression on the jury," is significant. *Id.* ¶ 23 (stating that a "[p]rejudicial comment on silence, particularly at this stage, is inherently difficult to overcome"). When "we assess the likely impact of the constitutional violation on the verdict," *id.* ¶ 21, we agree with Defendant that his credibility was crucial since he testified at trial and the element of provocation was at issue. The prosecutor's comment "tainted the jury's view

of the evidence from the very outset of trial in a way that could not be undone." *Id.* Under the circumstances, the prosecutor's comment cannot be regarded as harmless beyond a reasonable doubt. Accordingly, we reverse the district court on this issue, vacate Defendant's conviction, and remand for a new trial. *See State v. DeGraff*, 2006-NMSC-011, ¶ 12, 139 N.M. 211, 131 P.3d 61 ("If a mistrial is denied, a new trial may be ordered on appeal unless the [s]tate can show the error is harmless.").

**{6}** We briefly address Defendant's argument that the district court improperly denied his motion to suppress statements that he made to border patrol agents. Having reviewed the record and the district court's order below, we see no reversible error in the district court's denial of the motion to suppress and affirm the district court's order entered on June 22, 2018. We do not reach the other alleged trial errors raised by Defendant.

**CONCLUSION**

**{7}** For the foregoing reasons, we vacate Defendant's conviction and remand for a new trial.

**{8}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**